UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ERNEST HENDERSON, | ) |
| | ) |
| Plaintiff, | )     **1:20-CV-139** |
| | ) |
| vs. | ) |
| | ) |
| CHRISTIE M. SELL, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Ernest Henderson filed this complaint [Doc. 1] in the Middle District of Tennessee on March 23, 2020. On June 3, 2020, after the Middle District of Tennessee granted Mr. Henderson's application to proceed *in forma pauperis* [Doc. 4], this case was transferred to the Eastern District of Tennessee [Doc. 5]. Presiding District Judge Clifton L. Corker entered an order referring this case for a Report and Recommendation on the merits of the case in accordance with 28 U.S.C. § 1915(e)(2). [Doc. 8] This matter is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Mr. Henderson is representing himself in this action.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989).[1] Plaintiff filed this claim on March 23, 2020 alleging

---

[1] Plaintiff herein is not a prisoner; however, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa. 1997).

violations of "5th Amendment, 6th Amendment, 14th Amendment, Several Others" as the basis for subject matter jurisdiction. [Doc. 1, p. 1].

The Court first notes that Plaintiff filed three lawsuits in the Eastern District of Tennessee between the dates of December 30, 2019 and January 14, 2020 which have since been dismissed as frivolous under § 1915(e) as well as a number of cases in other federal courts, at least some of which have been dismissed under § 1915(e)(2) as frivolous[2]. *See Henderson v. Extra Storage Space et al*, No. 1:19-cv-374, Doc. 24 (E.D. Tenn. Mar. 17, 2020) (order dismissing case); *Henderson v. Reeves*, 1:20-cv-014, Doc. 8 (E.D. Tenn. Feb. 10, 2020) (order dismissing case); and *Henderson v. State of Tennessee, et al.*, 1:20-cv-04, Doc. 10 (E.D. Tenn. May 26, 2020) (order dismissing case). Additionally, on February 14, 2020, Chief District Judge Pamela L. Reeves issued an order restricting Plaintiff's interactions with Court staff in the Eastern District of Tennessee. *See In Re: Ernest Henderson*, No. 3:20-mc-07, Doc. 1 (E.D. Tenn. Feb. 14, 2020) (order regarding conduct). Chief Judge Reeves has also issued a warning to Mr. Henderson stating that "should he continue to file frivolous motions, complaints, or other pleadings, the Court will exercise its authority to restrict Mr. Henderson from filing any document without first seeking and receiving approval by the Court." *Id*. [Doc. 2]. It seems that Plaintiff has attempted to circumvent Chief Judge Reeves' Order restricting his interactions with Court staff by filing this cause in the Middle District of Tennessee.[3]

---

[2] See *Henderson v. Georgia Dep't of Labor*, No. 1:17-cv-05477, Doc. 5 (N.D. Ga. Jan. 9, 2018) (order dismissing case); *Henderson v. Land*, No. 4:16-cv-00187, Doc. 5 (M.D. Ga. July 13, 2016) (order dismissing case); *Henderson v. Treadwell*, No. 4:16-cv-00184, Doc. 5 (M.D. Ga. July 12, 2016) (order dismissing case); and *Henderson v. Jones*, No. 4:16-cv-00142, Doc. 4 (M.D. Ga. Aug. 23, 2016) (order dismissing case)

[3] Plaintiff has attached a letter from the Tennessee Department of Labor and Workforce Development granting him unemployment benefits, writing, "gave me ability to file Nashville" on the document. [Doc. 1, Ex 1, p. 1].

In addressing the allegations in the Complaint, the Court first observes that it is composed in a manner which makes it difficult to determine the exact nature of Plaintiff's claims. Plaintiff has cited several cases, constitutional amendments, and statutes as the basis for his causes of action without alleging facts to support an award pursuant to the cited authority. Plaintiff makes broad, conclusory statements regarding most named defendants without alleging specific facts and circumstances to support his legal conclusions and with regard to the remaining defendants provides no factual allegations against them at all.

I. **Claims against The Honorable Christie M. Sell, Magistrate Judge Andrew Basler, "Officer D. Johnson Badge #853, White female Partner she left off report, White male False arrest happened on 02/08/2020, White male officer Car #4955, White female officer Car #1245, Officer A. Beard (78424), Partner on day of 10/29/19, K Osburn (662), Officer Black Female Car #4629, Two White Officers: Male Officers, Officer G. Stroud (75386) Badge #, Officer Klein, (66488) Badge #, Officer A. Beard (78424) Badge #, Officer Osburn K (662) Badge #, Officer Brelsford (77566) Badge #, D. Johnson, (853) Badge #," Hamilton County Criminal Court Clerk Vince Dean, Heather, director of office, District Attorney Neal Pinkston, Chattanooga Police Department Chief David Roddy, Chattanooga Mayor Andre (sic) Burke, Chattanooga City Attorney Phillip A. Noblett, Chip Henderson, Dist. 1, Jerry Mitchell, Dist. 2, Ken Smith, Dist. 3, Darren Ledford, Dist. 4, Russel Gilbert, Dist. 5, Carol Berz, Dist. 6, Erskine Oglesby, Jr., Dist. 7, Anthony Byrd, Dist. 8, and Demetrus Coonrod, Dist. 9, Chattanooga Tennessee Housing Authority, and Justin Strand, Superintendent of the Alternative Sentencing Program**

Plaintiff's claims against Hamilton County General Sessions Court Judge Christie Mahn Sell are based on Plaintiff's contention that Judge Sell denied him a fair trial and also the right to counsel when he appeared before her previously on criminal trespass charges such that she should recuse herself from presiding over future proceedings in which he is a party and/or be barred from doing so. Plaintiff further appears to take the position that collateral estoppel and implied acquittal would prevent Judge Sell from presiding over a second criminal trespass matter which has been brought against him because she previously presided over the charges referenced above and purportedly violated his rights. He contends these doctrines are also applicable because the same

prosecutors and police department were involved in bringing the first charges and the present charge. [Doc. 1, p. 8-9].

As to the issue of recusal, there is no evidence that Plaintiff asked Judge Sell to recuse herself in the present criminal trespass case pending before her. While judicial officers may be sued under a 42 U.S.C.A. § 1983 claim, "…in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.A. § 1983 (West). *See Bradley v. Fisher,* 80 U.S. 335, 347 (1871) (holding that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself").

Defendant's reliance on collateral estoppel is also misplaced. Collateral estoppel, or issue preclusion, "in criminal cases must be applied with realism and rationality, and to identify what a jury in a previous trial necessarily decided, a court must examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter; this inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings[4]." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 359 (2016) (internal citations omitted). Collateral estoppel, or issue preclusion, only provides a mechanism for dismissing a case when the underlying facts were the basis for a prior suit which has already been adjudicated. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) ("when an *issue of ultimate fact* has once been determined by a valid and final judgment, that *issue* cannot again be litigated between the same parties in any future lawsuit.") (emphasis added). It does not prevent a judge from presiding over multiple

---

[4] This principle applies to both jury and non-jury matters alike.

matters involving the same parties where there are no reasonable questions about his impartiality. *See* 28 U.S.C.A. § 455.

The doctrine of implied acquittal comes into play when a jury convicts a defendant of a lesser-included offense without commenting on the greater offense or when a jury charged to consider several counts is instructed it may convict on only one count. *Saulsberry v. Lee*, 937 F.3d 644, 649 (6th Cir.), *cert. denied*, (2019). The doctrine requires the presumption that a jury has acquitted a defendant; however, in a nonjury trial, jeopardy attaches when the court begins to hear evidence. *McCarthy v. Zerbst,* 85 F.2d 640, 642 (10th Cir. 1936). *See also Wade v. Hunter,* 336 U.S. 684, 688 (1949). The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is "put to trial before the trier of facts, whether the trier be a jury or a judge." *See Collins v. Loisel,* 262 U.S. 426, 429 (1923) *Bassing v. Cady,* 208 U.S. 386, 391-92 (1908); *United States v. Macdonald,* 207 U.S. 120, 127 (1907); *Kepner v. United States,* 195 U.S. 100, 128, 130-31 (1904).

It does not appear Plaintiff is claiming that he is being brought before the court a second time for the same offense, occurring on the same date, after the first was dismissed. Instead he claims that the second charge "is being presented by other police officers within the same police department" [Doc. 1, p. 9]. This is confirmed by Plaintiff's later statement that he has experienced a "2nd false arrest" and refers to arrests apparently occurring on February 8, 2020 and March 19, 2020 [Doc. 1, p. 11]. For these reasons, the doctrine of implied acquittal is inapplicable.

Plaintiff has not provided the Court with copies of the citations referenced and takes the irreconcilable position that Judge Sell both deprived him of a fair trial by denying him his "constitutional right to cross examine his accusers through the sidewalk" and the right to an attorney [Doc. 1, p. 7-8] while also claiming the original charges were dismissed. [Doc. 1, p. 9].

While not mentioning him by name in the body of the Complaint, it also appears Plaintiff is alleging that Justin Strand as Superintendent of Alternative Sentencing Programs denied him the opportunity for an alternative sentence with regard to the original charges filed against him, which is of no consequence in light of Plaintiff's claim that the charges were dismissed. If his claim relates to the charge which was pending against him when he filed this action, Plaintiff provides no factual support for this contention; thus, the Court must find that the claim is without merit.

As to the current criminal trespass charges pending against Plaintiff, it appears to the Court from the information provided that Plaintiff had rented a storage unit at Extra Space Storage but they had obtained a restraining order against him which required Plaintiff to be escorted by a police officer when coming to the premises. [Doc. 1, p. 9]. Officer Johnson had apparently been called because Plaintiff appeared on the premises without following the orders of the Court. Plaintiff was apparently then charged with criminal trespass. In his Complaint, Plaintiff initially states that Officer Johnson did not arrest him and complains about her failure to do so but later in the Complaint says that she and "her co-worker white male officer" falsely arrested him. [Doc. 1, p. 9, 11]. Plaintiff specifically states that he was not arrested because Officer Johnson was participating in a conspiracy and "knew she was operating outside of her legal law enforcement jurisdiction and therefore non arrest would not place the judge name on the paper work which would definitely leave Mr. Henderson in limbo about the judicial name of the person presiding over the March 19, 2020 which Judge Sell cannot because of her failure on December 19, 2019 to honor the united states constitution. ***Elliot v. Piersol, 1*** Pet. 328, 340, 26 U.S. 328, 340 (1828)." [Doc. 1, p. 9-10]. There is simply no way to sort out the contradictory allegations made by Plaintiff as to these Defendants. Plaintiff utterly fails to provide a set of facts which would support a claim against Officer Johnson or her co-worker relating to the criminal trespass charges at issue.

Plaintiff also makes a sweeping claim that a conspiracy existed between Judge Sell, Officer Johnson, and Hamilton County Clerk of Court Vince Dean for withholding a "clearance letter of the fraudulent arrest of Ernest Henderson through the voiding of his arrest on 11/22/19 by Officer Osburn and the illegal arrest with three other officers." [Doc. 1, p. 10]. This Court is unaware of any requirement that a Clerk of Court provide a "clearance letter" nor does Plaintiff cite any authority for that proposition. Perhaps Plaintiff is referring to some other type of document, but the Court cannot be placed in the position of guessing. Plaintiff also lists "Heather, director of office" as a Defendant but appears to do so for identification and address purposes. In any event, Plaintiff does not make any allegation against this Defendant which would constitute a cause of action.

Although pro se litigants are provided more latitude with their pleadings, they are not excused from providing the Court with sufficient information to allow the Court to apprehend the nature of their asserted cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (A pro se plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). The Court also notes that Plaintiff provides no factual allegations which in any way link Judge Sell and Officer Johnson to Mr. Dean's alleged failure to provide this "clearance letter." [Doc. 1, p. 1 and 10].

Plaintiff further contends that Director of the Chattanooga Housing Authority Elizabeth McRight; Chattanooga Chief of Police David Roddy; Chattanooga City Attorney Phillip A, Noblett, and Chattanooga's City Council were all involved in a conspiracy against him. [Doc. 1, p. 10]. Plaintiff does not provide factual support for this claim but instead makes conclusory allegations regarding these individuals. *Id*. While Plaintiff does assert that the Chattanooga

Housing Authority deprived him of services, he provides no information about the services he was deprived of receiving, under what circumstances he was deprived, or any harm caused to him as a result.

Plaintiff also asserts that Municipal Court Judge Less Hayes failed to adhere to clearly established case law by acquitting Plaintiff erroneously "through the conspiracy between Presiding Sessions Court Judge Christie M. Sell, Honorable Judge, Magistrate Judge Andrew Basler along with Chief of Police David Roddy." [Doc. 1, p. 22]. He goes on to allege that the officer who wrote his charges for criminal trespass and disorderly conduct used the wrong date on the report and left off the names of other officers who assisted in what he terms an illegal arrest and states that they had "consciousness of guilt" or "other motivation to avoid the evidence through appearing in court because the outcome had been discussed between the three," referring to the judge, the court supervisor (who is unnamed), and the officer. Plaintiff does not say in what way Municipal Court Judge Hayes failed to adhere to established caselaw and appears to state that Judge Hayes wrongly acquitted him. While setting forth certain conduct that Plaintiff deems improper, he does not demonstrate how he was negatively impacted by this conduct nor does he say in what manner that these defendants allegedly conspired.

A complaint must set forth sufficient facts to be plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In order to set forth a claim for civil conspiracy, a Plaintiff must provide facts which demonstrate "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (internal citations omitted). Here, with regard to both conspiracies alleged, Plaintiff has utterly failed provide the necessary factual support for his bald

allegation of a conspiracy between the Defendants, making no attempt to show how their conduct meets any of the required elements for a conspiracy.

In his Complaint, Plaintiff fails to make any factual allegations at all against Defendants, "White female Partner she left off report, White male False arrest happened on 02/08/2020. White Male Officer Car #4955, White female officer #1245, Officer A. Beard, Partner on day of 10/29/19, K. Osburn (662), Officer Black Female car #4629, Two White Officers: Male Officers (at least as to one of those officers with the other being discussed above), Black female employee of Pilgrims Pride, Valarie is her name, Officer G. Stroud, Officer Klein, Officer Brelsford," Chattanooga Mayor Andrew Burke, Sheriff Jim Hammond or District Attorney Neal Pinkston. Again, it is incumbent upon Plaintiff to set forth facts that provide a basis for his claims against each named Defendant. Because he has failed to set forth any claim whatsoever against these named defendants, they are entitled to be dismissed from this action.

For the reasons set forth above, the claims against Defendants, The Honorable Christie M. Sell, Magistrate Judge Andrew Basler, "Officer D. Johnson Badge #853, White female Partner she left off report, White male False arrest happened on 02/08/2020, White male officer Car #4955, White female officer Car #1245, Officer A. Beard (78424), Partner on day of 10/29/19, K Osburn (662), Officer Black Female Car #4629, Two White Officers: Male Officers, Black female employee of Pilgrims Pride, Valarie is her name, Officer G. Stroud (75386) Badge #, Officer Klein, (66488) Badge #, Officer A. Beard (78424) Badge #, Officer Osburn K (662) Badge #, Officer Brelsford (77566) Badge #, D. Johnson, (853) Badge #," Hamilton County Criminal Court Clerk Vince Dean, Heather, director of office, District Attorney Neal Pinkston, Chattanooga Police Department Chief David Roddy, Chattanooga Mayor Andre (sic) Burke, Chattanooga City Attorney Phillip A. Noblett, Chip Henderson, Dist. 1, Jerry Mitchell, Dist. 2, Ken Smith, Dist. 3,

Darren Ledford, Dist. 4, Russel Gilbert, Dist. 5, Carol Berz, Dist. 6, Erskine Oglesby, Jr., Dist. 7, Anthony Byrd, Dist. 8, and Demetrus Coonrod, Dist. 9, Chattanooga Tennessee Housing Authority, and Justin Strand, Superintendent of the Alternative Sentencing Program should be dismissed as Plaintiff's Complaint fails to set forth facts constituting a claim plausible on its face as to these Defendants. The undersigned **RECOMMENDS** that the claims brought against these defendants be **DISMISSED WITH PREJUDICE** because they are **FRIVOLOUS**.

**II.     Claims against The Honorable Susan K. Lee and Tennessee Governor Bill Lee**

Plaintiff next alleges that the Honorable Susan Lee, Magistrate Judge in the Chattanooga Division of the Eastern District of Tennessee, acted illegally when she dismissed two of his cases. [Doc. 1, pp. 11-12].[5] He further claims she did so to benefit the City of Chattanooga because the City is "losing miserably in court" *Id.* Plaintiff also contends that Judge Lee is "destroying" his cases. *Id.* In the midst of making his claims against Judge Lee, Plaintiff inserts a claim that "Governor Lee of Tennessee ordered [Plaintiff's] illegal arrest through the increase in funding to the City of Chattanooga if they could pull it off…" [Doc. 1, p. 12]. Plaintiff also discusses the "Racterring Act used by District Attorney General in Georgia" in relation to Georgia teachers and tries unsuccessfully to provide a link between that matter and his claims against Governor Lee. [Doc. 1, p. 12].

The Court first notes that it is the Tennessee Legislature and not the Governor who has "the power of the purse," meaning that even if Plaintiff could somehow establish a nexus between the harms he claims to have suffered and the funding provided by the State to the City of Chattanooga,

---

[5] Plaintiff is referring to the Report and Recommendations submitted by Magistrate Lee, pursuant to 28 U.S.C. § 1915(e)(2). *See Henderson v. Extra Storage Space et al*, No. 1:19-cv-374, Doc. 9 (E.D. Tenn. Mar. 17, 2020) (report and recommendations); *Henderson v. Reeves*, 1:20-cv-014, Doc. 7 (E.D. Tenn. Feb. 10, 2020) (report and recommendations).

he would still have no claim against the Governor. Tenn. Const. Art. II, § 24 ("No public money shall be expended except pursuant to appropriations made by law.") Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, i.e., against the State." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (quotations omitted). The State of Tennessee has sovereign immunity from suit in federal court. *Boler v. Earley*, 865 F.3d 391, 409–10 (6th Cir. 2017) (citing *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc)). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies." *Boler*, 865 F. 3d at 410 (citing *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016)). None of the exceptions apply to this case.

In short, Governor Lee is not a proper party to this action in his personal capacity. Even if Defendant had sued Governor Lee in his official capacity, it would have been for naught as the State of Tennessee would have sovereign immunity as to the claim Plaintiff has attempted to assert.

Plaintiff then returns to his claims against Judge Lee, alleging that she deliberately violated his rights and discriminated against him as a citizen seeking to utilize his constitutional right to file a grievance against Extra Space Storage. [Doc. 1, pp. 12-13]. Plaintiff is referring to a Report and Recommendation filed by Judge Lee pursuant to 28 U.S.C. § 1915(e)(2) in a case previously filed by Plaintiff against Extra Storage Space. *See Henderson v. Extra Storage Space et al*, No. 1:19-cv-374, Doc. 9 (E.D. Tenn. Mar. 17, 2020).

In her Report and Recommendation, Judge Lee found Plaintiff's claims to be frivolous because he failed to set forth facts supporting his claims and recommended dismissal of his case. *Id*. Plaintiff filed an objection to the Report and Recommendation. *Id*. at [Doc. 14]. After a de novo

review, the District Court Judge adopted Judge Lee's Report and Recommendation in full. *Id.* at [Doc. 23]. It was the District Court Judge and not Judge Lee who ultimately determined the fate of Plaintiff's cause of action.

Plaintiff also contends that Judge Lee defamed him and committed perjury by falsely stating that he sought nearly $1,000,000.00 in damages in his lawsuit when he merely sought $700,000.00, while at the same time noting that Judge Lee found the facts he alleged would not support even the minimum $75,000.00 in damages necessary to invoke federal diversity jurisdiction. [Doc. 1, p. 13]. Plaintiff further contends that by Judge Lee finding that the amount of damages Plaintiff sought was excessive she indicated bias toward him and alleges that Judge Lee thought his request was excessive because he is African American and the defendants in the case before Judge Lee were white. Additionally, Plaintiff accuses Judge Lee of engaging in racketeering, providing false information, and engaging in conspiracy and fraud, stating that she acted when she did not have the right to act in filing her Report and Recommendation. [Doc. 1, pp. 13-14]. Plaintiff claims that Judge Lee's actions in purportedly violating the law caused her to lose subject matter jurisdiction over his case and should void her Report and Recommendation and the Order issued by the District Judge which confirmed the Report and dismissed Plaintiff's case. [Doc. 1, p. 14].

The Court finds Plaintiff's claims against Judge Lee to be completely without merit as he has failed to allege facts which support them. Pursuant to 28 U.S.C. § 1915(e)(2), Magistrate Judge Lee was required to assess whether Plaintiff's claims were malicious or frivolous, which would include determining whether the Court had jurisdiction. In order to determine whether the Court had diversity jurisdiction, Judge Lee was required to determine if there was a sufficient amount in controversy to invoke the Court's jurisdiction. The mere fact that Judge Lee determined Plaintiff

was making an excessive claim for damages and characterized his request for damages of $700,000.00 as "almost $1,000,000.00" does not demonstrate any improper motive on her part nor personal bias toward Plaintiff. Moreover, Plaintiff exercised his right to object to Judge Lee's report to the District Judge assigned to the case, but the District Judge who independently reviewed the case fully adopted Judge Lee's Report and Recommendation, demonstrating the propriety of her findings.

Because Plaintiff has utterly failed to present any claim which is plausible on its face against either Tennessee Governor Bill Lee or Magistrate Judge Susan K. Lee, the undersigned **RECOMMENDS** that the claims against both be **DISMISSED WITH PREJUDICE** as they are **FRIVILOUS**.

### III. Claims against "Kay Ivey, the Governor of Alabama; Brian P. Kemp, Governor of Georgia; Larry Hogan, Governor of Maryland; Jeff McCord, Commissioner of Tennessee Labor and Workforce Development; and the State of Georgia"

Plaintiff's sole statement regarding his claim against the Governor of Alabama is that he is "[i]llegally withholding Ernest Henderson Income Tax Checks." [Doc. 1, p. 17]. Plaintiff provides no factual support whatsoever for this bald assertion; thus, Plaintiff has failed to set forth a claim against the Governor of Alabama which is plausible on its face requiring that Plaintiff's claim against him be dismissed.

Plaintiff's claims against the Governor of Georgia also rest upon unsupported allegations including that Georgia's Governor is "illegally withholding Ernest Henderson tax income…" as well as engaging in conspiracy, attempts to falsely arrest Plaintiff in multiple cities, and attempts to entrap him for rape and murder. *Id*. Just as with his claim against the Governor of Alabama, Plaintiff provides absolutely no factual support for his claims against the Governor of Georgia, requiring that these claims also be dismissed.

Plaintiff accused the Governor of Maryland of creating the first "fraudulent illegal eviction of Ernest Henderson from an Extra Space Storage"; engaging in a conspiracy to lead agencies in Maryland to discriminate against Plaintiff; engaging in a conspiracy to lead Homeless Healthcare to deny Plaintiff housing assistance; and encouraging the Maryland County Police and judicial system to fail to prosecute a claim made by Plaintiff. *Id*. Once again, Plaintiff has failed to set forth any specific facts that would constitute a claim which is plausible on its face; thus, his claims against the Governor of Maryland should also be dismissed.

Plaintiff's claims that the Commissioner of Tennessee Workforce Development is guilty of "shipping his unemployment to Georgia without notifying him that they were doing so and then charging [him] with overpayment when they did not provide the refund to [him]." Plaintiff does not provide any specifics regarding these allegations such as when these alleged events occurred, the amount he claims to have been sent to the wrong address, what overpayment he was allegedly charged with repaying, etc. Without specific facts, it is impossible for the Court to find that Plaintiff has set forth a claim which is plausible on its face against this defendant.

Plaintiff further claims that the State of Georgia falsified his unemployment compensation to lower his weekly amount. *Id*. There are also allegations of conspiracy, falsifying documents, and discrimination against Plaintiff, but there are no facts asserted to support these claims. *Id*. The Court further notes that as referenced above, states generally enjoy sovereign immunity under the Eleventh Amendment to the United States Constitution unless that immunity is waived or under other limited circumstances. *See Nevada Dept. of Human Res. v. Hibbs,* 538 U.S. 721 (2003); *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999); *Henderson v. Sw. Tennessee Cmty. Coll.*, 282 F. Supp. 2d 804, 806 (W.D. Tenn. 2003). Plaintiff provided no evidence that the State of Georgia waived its immunity or that one of the limited

exceptions to sovereignty apply; therefore, even if Plaintiff had set forth sufficient facts to establish a claim which is plausible on its face against the State of Georgia, he failed to demonstrate that the State of Georgia would not be entitled to sovereign immunity as to the claim.

For the reasons set forth above, the undersigned **RECOMMENDS** that the claims against Defendants, Kay Ivey, Governor of Alabama; Brian P. Kemp, Governor of Georgia; Larry Hogan, Governor of Maryland; Jeff McCord, Commissioner of Tennessee Labor and Workforce Development; and the State of Georgia" be **DISMISSED WITH PREJUDICE** as they are **FRIVILOUS**.

### IV. Claims against Mobile County Sheriff's Office; Charles Henderson, Sergeant; and Samuel Cochran, Sheriff Mobile County, AL

Plaintiff does not actually mention any of these Defendants by name in the body of his Complaint. Given that these Defendants are all located in the State of Alabama and Plaintiff is alleging that he was denied the assistance of counsel for traffic court violations there, the Court surmises that these Defendants were named because Plaintiff believes they have some connection to those traffic court matters. [Doc. 1, p. 21]. Plaintiff cannot be deemed to have asserted a facially valid claim against these Defendants when the Court is left to make an educated guess about why they were sued. Even if Plaintiff had set forth facially valid claims against these Defendants, his claims could not proceed in the Eastern District of Tennessee as Plaintiff has provided no connection between his claims related to the Alabama traffic offenses and the Eastern District of Tennessee; thus, venue is not proper here.[6]

---

[6] The Court notes that this Complaint was initially filed in the Middle District of Tennessee; however, Plaintiff has also failed to set forth facts which would allow venue for claims against these Defendants to be vested in the Court's Middle District.

In order for this particular Court to be the appropriate forum within which to address Plaintiff's claims he must demonstrate that "a substantial part of the events or omissions giving rise to the claim occurred" within this district. *See* 28 U.S.C. S 1391 (a)-(b). The same would be true if Plaintiff contended that this Court had diversity jurisdiction over his claims. *Id.* On a final note, Plaintiff does not contend that he faced a possible jail sentence as a result of his traffic violations which were being addressed in traffic court. It is well settled that a criminal defendant has no constitutional right to counsel in state misdemeanor cases in which there is no possibility of incarceration. *Scott v. Illinois,* 440 U.S. 367, 373 (1979). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendants, Mobile County Sheriff's Office; Charles Henderson, Sergeant; and Samuel Cochran, Sheriff Mobile County, AL, be **DISMISSED WITH PREJUDICE** as they are **FRIVILOUS** because Plaintiff has failed to state a claim against these Defendants at all and certainly not one upon which relief can be granted.

V. **Claims against all remaining Defendants: Hon. Loretta A. Preska; Two white male Marshals, United States Marshal; Pamela L. Reeves, Chief United States District Judge; Harry S. Mattice, Jr., United States District Judge; Curtis L. Collier, United States District Judge; and Lorrie Miller, Chief Magistrate**

Even when construing Plaintiff's Complaint as liberally as possible, it fails to set forth any specific factual allegations against these remaining named Defendants nor any facts from which the Court could infer claims against them. The Court cannot fashion claims against these Defendants *sua sponte*. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendants, Hon. Loretta A. Preska; Two white male Marshals, United States Marshal; Pamela L. Reeves, Chief United States District Judge; Harry S. Mattice, Jr., United States District Judge; Curtis L. Collier, United States District Judge; and Lorrie Miller, Chief Magistrate, be **DISMISSED WITH PREJUDICE** as they are **FRIVILOUS**.

## VI. Plaintiff's Prayer for Relief

Plaintiff claims this suit is not about monetary relief, it is about "the preservation of an individual's Constitutional rights and how an individual citizen should be shielded from the government's arbitrary abuse of power." [Doc. 1, p. 25]. While Plaintiff acknowledges that a monetary amount is a condition to allow a trial by jury to come to bear, he also states the "monetary will be realized through the hearing of denied motions and the failures of the due process of law and petitions." *Id*. Plaintiff does not state a sum or even offer an estimate for damages. Rather, Plaintiff seems to request that this Court overturn the decisions of previous judicial officers without providing any authority for the Court to do so. Plaintiff asks the Court to:

1. Issue injunctive relief commanding defendants to…
2. Issue declaratory relief as this Court deems appropriate and just.
3. Issue other relief as this Court deems appropriate and just.
4. Award plaintiff his costs of litigation.

[Doc. 1, p. 27]. Because Plaintiff is proceeding *in forma pauperis*, the costs associated with the filing of this action have already been waived. Further, this Court does not have the authority to overturn the orders dismissing Plaintiff's other civil cases; therefore, even if the Court had found that a claim raised by Plaintiff had merit, it could not grant the relief he requests further supporting the recommendation that Plaintiff's Complaint be dismissed.

## VII. Conclusion

Plaintiff asserts that various of the named Defendants have violated his rights under the Fifth Amendment, the Fourteenth Amendment, the Confrontation Clause of the Sixth Amendment, probable cause of the Fourth Amendment, the Seventh Amendment, and the Federal Rules of Civil Procedure Rule 8(f), but fails to set forth facts which bear out these assertions. Plaintiff further contends that the Court is under a duty to examine his Complaint to determine if there are any possible theories for relief, claiming "if there is any possible theory that would entitle the Plaintiff

to relief, even one that the Plaintiff hasn't thought of, the Court cannot dismiss this case." [Doc. 1, p. 25].

It is true that courts are to liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, pro se plaintiffs are not automatically entitled to take every case to trial as they are not excused from stating a claim for which relief may be granted. See *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). As the Sixth Circuit has noted, the lenient treatment generally accorded to pro se litigants has limits. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). A plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Instead, "[f]actual allegations must be enough to raise the right to relief above the speculative level." *Id.*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* Specifically, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Here, Plaintiff has failed to include factual content which would allow the Court to draw a reasonable inference that any Defendant is liable to Plaintiff under any asserted theory. *Id.* (citing *Twombly*, 550 U.S. at 556). Simply put, even construing the Complaint in the most liberal way possible, Plaintiff fails to comport with the barest pleading requirements set forth in Federal Rule of Civil Procedure Rule 8. As noted above, even if Plaintiff had set forth a claim on which relief could be granted, the Court does not have the authority to grant the relief Plaintiff requested.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** in its entirety as **FRIVILOUS**, pursuant to 28 U.S.C. § 1406(a). The undersigned **FURTHER RECOMMENDS** that Plaintiff be referred to the Chief District Judge or her designee to determine whether an injunction should issue against Plaintiff pursuant to the Court's Standing Order 18-04.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990) wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[7]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[7] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).